UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FEIGE ZARETSKY,

                        Appellant,

        -against-

HAROLD ZARETSKY,

                        Appellee.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
15-CV-6600 (JMA)

**FILED**
**CLERK**
3/30/2017 3:15 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Pro se appellant Feige Zaretsky ("Feige") appeals the October 28, 2015 Order of the Bankruptcy Court (Grossman, J.). For the reasons stated below, the Bankruptcy Court's order is AFFIRMED.

## I.  BACKGROUND

On June 16, 2014, Feige filed a Chapter 13 bankruptcy petition. On June 27, 2014, Feige filed a notice of removal that removed the instant action, which was originally filed by appellee Harold Zaretsky ("Harold") in the Supreme Court of New York, Nassau County. (Bankruptcy Court Record ("R.") at 2–6, ECF No. 3-1.) Upon removal, the instant action was considered an adversary proceeding before the Bankruptcy Court. (R. 1.) On August 4, 2014, Harold filed a motion seeking to remand the instant action back to state court. On August 14, 2014, the Chapter 13 Trustee filed a motion to dismiss the Chapter 13 petition. At a hearing held on September 4, 2014, the Bankruptcy Court granted the motion to dismiss the Chapter 13 petition. On September 22, 2014, the Bankruptcy Court entered a written order dismissing the Chapter 13 petition. (R. 3.)

1

On September 8, 2014, the Bankruptcy Court entered the following entry on the docket for the adversary proceeding:

> Marked Off Without Hearing (related document(s): 2 Notice of Pre-Trial Conference Re: Notice of Removal) MARKED OFF; MAIN CASE DISMISSED. (mtt) (Entered: 09/08/2014)

On November 28, 2014, Feige filed a motion to withdraw the reference to the Bankruptcy Court.

On February 12, 2015, Harold filed, with the Bankruptcy Court, a motion to remand the adversary proceeding. (R. 45–51.) Harold took the position that the Bankruptcy Court's September 8, 2014 docket entry constituted a remand of the adversary proceeding back to state court. Accordingly, Harold was already proceeding to litigate the action back in state court. Feige took a contrary view and had argued to the state court that the litigation in state court was improper because the adversary proceeding had not been remanded. (R. 66–68.)

In his motion February 12, 2015 motion to remand, Harold indicated that he had filed the motion "as a protective measure and for the avoidance of doubt and unnecessary issues." (R. 48.) In the motion, Harold raised two alternative arguments. First, Harold argued that the Bankruptcy Court should enter an order remanding the instant adversary proceeding. Second, Harold, alternatively, "request[ed] that the [Bankruptcy Court] enter an order stating that an order of remand is not required and that 'marking off' the matter had the same effect of returning jurisdiction to the State Court." (R. 50.)

On March 25, 2015, Feige filed an opposition to the remand motion, raising four arguments:

2

> (1) Harold's remand motion was untimely because, according to Feige, the remand motion did not concern subject-matter jurisdiction and, thus, had to be filed within 30 days of removal.
>
> (2) The Bankruptcy Court could not dismiss or remand the adversary proceeding without the initial bankruptcy petition being re-opened and the dismissal of that petition being amended to expressly retain jurisdiction over the adversary proceeding.
>
> (3) The district court should decide all relevant issues because there was a pending motion to withdraw the bankruptcy reference.
>
> (4) A ruling that dismissal of an adversary proceeding constitutes a remand "would create a new legal principle allowing any party wishing to move for a remand after the 30 limit has passed, by simply having the case dismissed, this is against common sense . . . ."

(R. 76–79.)

On August 4, 2015, and August 6, 2015, Feige filed a request for a preliminary injunction and temporary restraining order ("PI Request"). The PI request was filed on the docket for Feige's motion to withdraw the reference, No. 14-mc-1578 (E.D.N.Y.). On August 6, 2015, this Court denied Feige's motion to withdraw the reference and directed Feige to refile the PI Request on the adversary proceeding docket before the Bankruptcy Court. (R. 81–82.)

On October 26, 2015, the Bankruptcy Court held a hearing on the motion to remand. Although Feige was on notice of this hearing, she failed to appear at the hearing.[1] (R. 83–84.) In an order dated October 28, 2015, the Bankruptcy Court overruled Feige's March 25 objection and

> **ORDERED**, that the "marking off" of the Adversary Proceeding on September 8, 2014, based upon dismissal of the Debtor's chapter 13 case, constituted a remand

---

[1] The Bankruptcy Court had originally scheduled a hearing on the remand motion for March 30, 2015. This hearing was adjourned a number of times. On July 23, 2015, the Bankruptcy Court rescheduled the hearing for October 26, 2015. Feige received notice of this hearing. In fact, Feige explicitly mentioned this hearing date in the motion papers she filed concerning her PI Request. (See Mem. of Law in Supp. of PI Request at 15, No. 14-mc-1578 (E.D.N.Y.), ECF No. 18-1.)

3

of the Adversary Proceeding to the New York State Supreme Court as of September 8, 2014, and that no additional action was required to effectuate a remand.

(R. 83–84.)

Feige then filed a timely appeal of the Bankruptcy Court's October 28, 2015 order. On the first page of Feige's appellate brief, she asserts that the Bankruptcy Court erred:

(1) "by determining an action to have been remanded to the state court when no order of remand has yet been issued";

(2) "in acting on a motion that was statutorily barred as untimely";

(3) "in deeming retroactively a marking off entry on the docket to act as an order without any order having been previously issued"; and

(4) "in holding that a main bankruptcy action dismissal acts as an automatic dismissal or as a remand of a related proceeding."

(Appellant's Br. at 1–2, ECF No. 4.)

In the body of Feige's appellate brief, she argues that, under the federal removal statutes and case law, the Bankruptcy Court could not remand this action without entering an express remand order and mailing that order to the state court. (Id. at 11.) Feige relies on, among other things, 28 U.S.C. § 1447(c), which states that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." Feige also argues, among other things, that a bankruptcy court's dismissal of a bankruptcy petition does not automatically remand related adversary proceedings that had been removed to the bankruptcy court. (Id. at 14 (citing In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992).) Feige's appellate brief cites numerous cases that she never cited in the opposition papers that she filed with the Bankruptcy Court.

## II. DISCUSSION

### A. Standard of Review

A bankruptcy court's conclusions of law are reviewed de novo. In re Ionosphere Clubs, Inc., 922 F.2d 984, 988 (2d Cir. 1990). This Court assumes that the arguments raised by Feige on appeal concern only issues of law that would be subject to de novo review.

"As a general rule, a court may refuse to consider an argument in a bankruptcy appeal not raise[d] in the court below." JPMorgan Chase Bank, Nat. Ass'n v. Galaske, 476 B.R. 405, 409 (D. Vt. 2012). Moreover, even pro se litigants must first raise arguments below in order to preserve them for appeal. Dilworth v. Cont'l Const. Co. Inc., 282 F. App'x 330, 333 (5th Cir. 2008)

### B. Analysis

The Court declines (with one exception explained below) to consider the arguments that Feige raises in her appellate brief because those arguments were not raised in the March 25 opposition papers that Feige filed in Bankruptcy Court. In the motion to remand, Harold requested, in the alternative, "that the [Bankruptcy Court] enter an order stating that an order of remand is not required and that 'marking off' the matter had the same effect of returning jurisdiction to the State Court." All of the arguments that Feige now raises on appeal should have been raised in the opposition papers that she filed with the Bankruptcy Court. Moreover, Feige's failure to appear at the October 26, 2015 hearing on the remand motion provides further justification for this Court's decision not to consider the arguments that Feige failed to raise below. Finally, the Court notes that Feige (and her father) are frequent pro se litigants before this Court. They have repeatedly shown the ability to research case law and raise legal arguments in the cases before this Court. Feige had ample opportunity to raise her current arguments before the Bankruptcy Court in the first instance, but simply failed to do so. Accordingly, the Court declines the arguments raised in

Feige's appellate brief.

The only argument mentioned in Feige's appellate brief that appears to have been raised below is her assertion that the motion to remand was untimely. The Court notes, however, that Feige's appellate brief does not offer any further argument or authority in support of this conclusory assertion. On that basis alone, the Court declines to consider this question. In any event, Feige's timeliness argument is meritless. Although Feige argued below that Harold was required to bring his motion to remand within 30 days of removal, the 30-day time limit applicable to certain remand motions under 28 U.S.C. § 1447(c) does not apply to the situation where a bankruptcy court dismisses a bankruptcy petition and then determines (whether on a motion or sua sponte) to decline to exercise jurisdiction over a removed adversary proceeding. Cf. McConnell v. Genetech, Inc., No. 11-cv-4976, 2012 WL 851190, at *2 (N.D. Cal. Mar. 13, 2012) (granting motion to remand removed action after all federal claims were deleted from the complaint and explaining that "the thirty-day time limit applies to remand motions predicated on 28 U.S.C. § 1447(c), not those based on 28 U.S.C. § 1367(c)(3)").

### III. CONCLUSION

For the reasons stated above, this Court AFFIRMS the Bankruptcy Court's October 28, 2015 Order. The Bankruptcy Court's September 8, 2014 "marking off" of the instant adversary proceeding constituted a remand and no additional action was required to effectuate a remand. Although this Court believes that no further orders or actions by this Court are necessary, in an abundance of caution, this Court confirms, in the instant Order, that this action is remanded to New York State Supreme Court, Nassau County and directs the Clerk of Court to mail certified copies

of this Order and the Bankruptcy Court's September 8, 2014 and October 25, 2015 Orders to the state court.[2]

The Clerk of Court is also directed to close this case and to mail a copy of this Order to pro se appellant.

**SO ORDERED.**

          /s/
Joan M. Azrack
United States District Judge

Date:   March 30, 2017
         Central Islip, New York

---

[2] Feige's arguments on appeal all concern the form of the Bankruptcy Court's orders and whether those orders were sufficient to effect a remand. On appeal, Feige does not argue that remand of the adversary proceeding was improper. If she had raised such argument, the substance of the Bankruptcy's Court remand decision would be reviewed, by this Court, for abuse of discretion. In re Wood, No. ADV. 10-02731, 2011 WL 7145617, at *6 (B.A.P. 9th Cir. Dec. 12, 2011). Remanding this adversary proceeding was clearly the appropriate course of action—there was no reason for this adversary proceeding to remain before the Bankruptcy Court once Feige's petition was dismissed.